UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD A.,[1] | No.  1:26-cv-00950-KES-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT PETITION** |
| v. | **[10-DAY DEADLINE]** |
| KRISTI NOEM, et al., | |
| Respondents. | |

Petitioner Muhammad A. is an immigration detainee proceeding with a petition for writ of habeas corpus. (Doc. 1.) On February 5, 2026, the Court issued an order directing Respondents to show cause whether there were any factual or legal issues in this case that render it distinguishable from previous rulings of the Court. (Doc. 5.)

On February 11, 2026, Respondents filed a response to the order to show cause. (Doc. 7.) Respondents contend that the instant case is distinguishable because Petitioner is subject to an order of removal, and therefore, detention is authorized and mandated by 8 U.S.C. § 1231(a)(2). Respondents state that Petitioner's argument that his detention is unconstitutional because §

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

1225(b)(2) does not apply to him, is therefore misplaced. Respondents' contentions lack merit.

On January 17, 2025, an Immigration Judge ordered Petitioner removed from the United States. (Doc. 7-2.) Respondents contend that the 90-day removal period under § 1231(a) began when Petitioner was ordered removed and he was taken into custody. As Respondents concede, Petitioner reserved his right to appeal, the appeal is currently pending before the Board of Immigration Appeals ("BIA"), and the BIA has stayed removal pending the appeal. (Doc. 7 at 2.) Title 8 U.S.C. § 1231(a)(1)(B) provides:

> The removal period begins *on the latest of the following*:
>
> (i) The date the order of removal becomes *administratively final*.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

See 8 U.S.C. § 1231(a)(1)(B)(i-iii) (emphasis added).

Here, because the order of removal is on appeal to the BIA, the order of removal is not administratively final, and therefore, the removal period has not yet begun. See 8 U.S.C. § 1231(a)(1)(B)(i); see also Peralta Ayala v. M. Wofford, 2026 WL 249567, at *1 (E.D. Cal. Jan. 30, 2026) (where noncitizen appealed removal order and BIA stayed removal, the removal order is not yet administratively final, the removal period has not begun, so § 1231(a) does not apply); Jose Rojas-Lara v. United States, 2026 WL 172676, at *5 (D. Nev. Jan. 22, 2026) (where appeal of removal order remains pending before the BIA, noncitizen not subject to a final order of removal and is not detained under § 1231); Mayo v. Semaia, 2025 WL 3496774, at *4 (C.D. Cal. Dec. 5, 2025) ("because the Court does not find that any of the § 1241.1 conditions are present here, the Court finds that Mayo is not presently subject to a final order of removal."). Thus, Petitioner is not detained under § 1231(a), and Petitioner is correct that he is detained pursuant to 8 U.S.C. § 1226. See Mendoza v. Warden, No. 1:25-CV-2030 CSK, 2026 WL 310116, at *5 (E.D. Cal. Feb. 5, 2026) (where appeal of order of removal is pending before BIA, order of removal is not administratively final under § 1231(a)(1)(B)(i), and therefore, detention authority is pursuant to § 1226(a), not § 1231(a)).

Accordingly, the Court does not find the legal issues in this case distinguishable from the previous rulings of this Court. See, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); W.V.S.M. v. Wofford, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025). The Court will recommend the petition for writ of habeas corpus be GRANTED for the reasons addressed in those prior orders.

**RECOMMENDATION**

Based on the foregoing, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: __**February 12, 2026**__          ____/s/ *Sheila K. Oberto*____
                                          UNITED STATES MAGISTRATE JUDGE